PER CURIAM
*197 Appellant seeks reversal of a judgment committing him to the Mental Health Division for a period not to exceed 180 days. ORS 426.130. We reject appellant's first assignment of error without discussion. In a second assignment of error, appellant contends that the judgment should be reversed because the court failed to timely serve the citation and warrant of detention and failed to provide in the warrant of detention that appellant was given the warning in ORS 426.123. Appellant acknowledges that he did not preserve his second assignment of error, but requests that we review for plain error. ORAP 5.45(1). For the reasons explained below, we conclude that any error does not qualify as plain error, and, thus, we affirm.
We first reject appellant's contentions regarding the warrant of detention. The lack of an indication in the warrant that appellant was given the warning in ORS 426.123 does not constitute plain error that requires reversal of the judgment of commitment under either the commitment statutes or the Due Process Clause of the Fourteenth Amendment to the United States Constitution. State v. R. C. , 298 Or. App. 280, 281-82, 443 P.3d 742 (2019). Additionally, the statutes do not plainly require that the court serve the warrant of detention upon the person alleged to have a mental illness prior to the hearing, and appellant has not shown that the Due Process Clause plainly requires it. See ORS 426.070 (5)(b)(A) (stating that "the court may issue a warrant of detention to the community mental health program director or designee or the sheriff of the county or designee").
We also reject appellant's contention with regard to timely service under ORS 426.090. Under that statute, the court is required to serve the citation upon the person alleged to have a mental illness "in person prior to the hearing." Here, according to the certificate of service filed with the court, appellant was not served with the citation until 12:45 p.m. on the date of the hearing. The prepared transcript provides that the hearing started at 9:30 a.m. However, the "witness/exhibit receipt" of the court, which includes notations of the time the hearing started and ended, as well as the time that each witness testified, *198 indicates that the hearing did not commence until 1:08 p.m. In addition, the executed warrant of detention, which certifies when appellant was brought into custody for purposes of producing appellant at the hearing, was not executed until 12:45 p.m. Because it is not irrefutable, based on this record, that appellant was not served with the citation until after the hearing commenced, the error alleged by appellant does not qualify as plain error. See State v. Jury , 185 Or. App. 132, 135, 57 P.3d 970 (2002), rev. den. , 335 Or. 504, 72 P.3d 636 (2003) ("For error to be considered apparent on the face *87 of the record for purposes of ORAP 5.45, it must satisfy three criteria: (1) it must be legal error; (2) it must be apparent, such that the legal point is obvious, not reasonably in dispute; and (3) it must appear on the face of the record, such that we need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." (Internal quotation marks omitted.)). Accordingly, we affirm.
Affirmed.